Our second case is number 14, 1942. I can't pronounce the last name correctly. Anyaso v. Lynch, immigration case. Mr. Fogel? H. Glenn Fogel, Jr. Thank you, Your Honor. May it please the Court. My name is H. Glenn Fogel, Jr. and I represent Mr. Charles Anyaso, the petitioner in this case. Your Honor, this is a case about due process and due process was not followed here and what essentially happened here You mean it's a constitutional question? I thought it was an abuse of discretion issue on a granting or denial of a continuance. Right, and I'm going to explain that, but really it's That's a lot easier for us than a constitutional question. We don't get into constitutional stuff except as a last resort. I understand that, but really what we're This is the theme of the case. I'm not saying that it's clearly a constitutional What are the F1, I-130 form? Right, and what happened was the immigration judge here effectively denied my client's ability or the petitioner's ability to appeal the decision of the immigration and the U.S. citizenship and nationality, sorry, the U.S.CIS. And what they They denied the opportunity. Is the appeal not still pending? The appeal actually is, that appeal is still pending, but he's been ordered, removed at this point while he was given voluntary departure for 60 days The appeal is still pending? It is. And ultimately All right, so So the BIA You wanted to stay pending the appeal and the judge denied you the stay. No, what we He's got a right to do if he exercised his discretion. Well, the judge exercised his discretion several times and granted a continuance, but the point is here An I-130 petition, the decision is not final when there is appeal pending with the BIA, with the Board of Immigration Appeals. In fact, the decision, the decision itself specifically states It specifically states that this decision will become final unless you appeal to the Board of Immigration Appeals within 30 days. Therefore, if there's an appeal pending with the BIA, there's no final decision. It's not final, but what they have to consider is the apparent ultimate likelihood of success on the application. And given that it had been denied, at least initially, isn't that a factor that they considered appropriately? It's one of the factors that I'm not going to deny. Well, it's one of the factors that can be considered, but that's not what the judge did here. And the fact that a Would you have to argue that he abused his discretion? Yes, he abused his discretion. Well, but you just said he exercised his discretion. I mean, you're conceding your case if you say he exercised his discretion. You have to say he didn't exercise his discretion, that he abused his discretion. Well, that's what I'm I don't grant these things, which was a one-size-fits-all answer. I don't grant these things, period, which would not be an exercise of discretion, arguably. Then you've got a case, perhaps. Well, that's the whole point. I mean, it's an abuse. That's the whole point here, because that's all he said. He didn't look at the case. He didn't And it's not like he didn't have the Hashemi case to guide him as to the factors to consider. And he didn't actually do that. He just considered the one factor that the district director issued a decision denying it. And it doesn't matter that it's on appeal and it's not a final decision. I'm not granting another continuance. That's all he said. And that's essentially what Where did he say this? In an order? Yeah, he said it in his order. But even before that, he said it in court. He said it in open court. What did he say in open court? He said in open court, I do not grant continuances on I-130s where there's an appeal pending with the BIA. I don't do that. And Hashemi, and that's the Where is that? The administrative record at 94. He specifically said that in open court and then said, come back and I'll issue a decision in a couple of weeks and show me that you filed the appeal to the BIA, which we did. And the point here is what the judge did is effectively preterm at his ability to appeal to the Board of Immigration Appeals, the decision of the USCIS director on the I-130. But he hadn't been removed? No, he hadn't. This thing's not moved. Well, he hadn't been removed yet. No. He hadn't been removed yet. And the weird thing is the BIA, it exercises jurisdiction over both things. So it's almost disingenuous for the BIA to uphold the immigration judge's decision when it has the I-130 appeal pending before it and it still hasn't made a decision on it. How long has it been pending? A year and a half, at least. The I-130 appeal's been pending before the BIA for a year and a half? Yes. It was filed in 2013. And the continuance was denied. I'm sorry, 2014 in April. The stay was denied, but your client hadn't been removed. Well, there's no stay. What happened was the appeal of the denial of continuance. Maybe you don't need any relief here. Well, we do because this is a – and you have to look at the other factors. You have to look at the Hashemi factors, and that's what they were supposed to do and they didn't do it. Can I ask you about the factor about DHS's position? So Hashemi says that where DHS affirmatively expresses a lack of opposition to a continuance, that's a really important factor. Is that what happened here? What exactly happened? Well, there was no opposition to any of the continuances ever, even in this last one. I mean, the record is not a big record, but, you know, the record is clear. The transcript of the hearings, the proceedings, there's never been an opposition. Well, I agree that there was no opposition, but I guess I'm just asking you whether that falls within sort of Hashemi's formulation, which is DHS affirmatively expresses a lack of opposition. It's a genuine question. I don't really know what they're getting at there. Are there cases where DHS more affirmatively expresses a lack of opposition? Well, if they oppose it, they'll state it. I mean, if they don't oppose it or if they say, oh, no. I mean, it could be or could not be on the record. But if they don't oppose it, then – Don't oppose and oppose. There's this affirmatively expressed lack of opposition, and your view doesn't really mean much. Well, the court is always going to ask one way or the other, government, what's your position? And if they don't oppose it, I didn't see any particular, because what happened here is the judge just said, hey, I don't grant these continuances. They didn't even give the government an opportunity to express that. And I think what's important also, if you look at the headline, I mean the – But they're opposing you up here. Pardon? They're opposing you now. Oh, I mean, of course they're opposing it now. I mean, I don't know. Are they changing their position? Well, they, you know, they answered the appeal. I mean, that's what they have to. But the thing is, here it says, even in Hashemi, it says, an alien's unopposed motion to continue ongoing removal proceedings. It doesn't say affirmatively unopposed. I mean, that's the head note of the case. It was unopposed. And, I mean, I think that's important. And then one of the issues about primary face approval. Is that the government, then, they're an issue of estoppel then, if the government doesn't oppose it and then they come up here and oppose it? They didn't make their position known at the time of the ruling. They do it all the time, Your Honor. They do? And it's not, you know, it's just, I think it's their job. But they do it all the time. But what happened here is that the court, I mean, the immigration judge. Well, they don't raise positions in the district court. Judge Hazel's trying a case and the lawyers don't make their position known. They can't come up here and complain about it. I agree, Your Honor. But they do it, the immigration's different. They do a lot of things in immigration differently. Can I ask you a question, counsel? Just trying to get at your position. So you're not arguing that sort of your client is per se, as a matter of law, entitled to a continuance. Because if he didn't get one, it would be a denial of his right to appeal. I take it that is not actually your argument, even though you started with your client. Well, you can't ever per se for anything. There can be other factors that have to be looked at. If this was his second or third petition and he'd had previous petitions denied or there is some sort of evidence of fraud or some sort of other evidence like that or he didn't warrant an exercise of discretion, all these factors have to be looked at. But what actually happened here is that the judge's sole reason for denying it was – I totally understand that part of your position, that this was a bright-line rule. He didn't exercise his discretion. I guess what I'm trying to get out of you is what's the rule you want us to announce? Because when you start with due process, it makes me nervous that the rule you're looking for is per se you're entitled to stay pending a BIA appeal because otherwise you've lost your right to appeal. It's somewhere in the middle, Your Honor. What I would like the court to do here is to remand it back in order – I mean, with instructions for the BIA. We've got to find an error or we've got to find an abuse of discretion. Well, the error – There has to be an abuse of discretion for us to send it back. Well, the abuse of discretion – He had a right to deny that he exercised his discretion. Do you agree with that? He said that. At one point you said he exercised his discretion. I assume you've abandoned that. What I mean – What I'm saying is he abused his discretion by – I mean, he did exercise it, but he abused it. He didn't exercise it if he abused it. Well, okay then. That's a matter of semantics. I don't know. I'm just trying to figure out what your position is. Well, I would just like the – I thought you were saying he had a one-size-fits-all rule. Right, which is – And that's not an exercise of discretion. Exactly. It's an abuse of it. He needs to follow his shimmy. He needs to go through each of the five factors or other factors that are pertinent. Okay. So you think he – so he needs – this is helpful to me. He needs to – you think we should send it back, say you did one-size-fits-all, you're supposed to go through these hashimmy factors. And when he gets to the factor about is there a prima facie valid visa application, what exactly is he supposed to ask? Because obviously there's not. It's been denied by – the initial adjudication, even if not final, has denied the application. So it's hard to think of it as prima facie valid. So what question should he ask there? Like is there a likelihood that he'll prevail on appeal? What do we substitute in? Well, these are – what his shimmy said is that there are factors that need to be looked in, that evidence needs to be looked at. He could have asked for some more evidence to show that here. But, again, that's only one of the factors. But it's our position that there is still a prima facie – there's still a prima facie case there because if it's approved, he's prima facie eligible for adjustment of status. But what the actual factor is, right, is there a prima facie approvable I-130. So I understand that overall you're looking at what is the likelihood that status will be adjusted. But that's one of the factors. And as the immigration judge said, it's sort of counterintuitive to think that now you could still say there is a prima facie approvable I-130 after it's been denied. So I guess this is a real question. I'm trying to figure out. It seems to me your argument is in place of that you should be asking something about is this a real appeal. Is there a substantial basis for the appeal? Is there a likelihood of prevailing on appeal? That's correct. I mean, those are the sorts of things that need to be looked at. You can't just say just because – and I can tell you, I've been practicing. You're not saying you need to win. You're just saying you need to have further consideration, appropriate consideration for the exercise of discretion. Right, because the immigration judge doesn't have the jurisdiction over the adjudication of the I-130. USCIS and then ultimately the BIA on appeal does. And that's – so, you know, it's a little – but he has to actually look at that. He has to look at these factors and just instead of saying just because it's denied. He could still deny the continuance. He could. And you wouldn't have – and you'd be kind of a – He could still deny the continuance, but if he properly – if he gave you the proper analysis and went through the five factors, the DHS – I mean, again, the biggest – He has to exercise his discretion. Right. Your point now is that he didn't exercise his discretion. No, because he said it's denied. I'm not looking at it anymore, and that's it. And that's where the error is here. And it's effectively denied my client's right to an appeal before the BIA of what we strongly believe is an incorrect decision by USCIS. Well, that goes to my question. Do you have any reason to believe that you will succeed at the next level considering the ruling below? Yes. I mean, I can just tell you I've been practicing immigration law for 24 years. The BIA actually reverses a lot of I-130 appeals because there's a lot of bad decisions that come out of USCIS. And I do think that we have a good chance of winning here. What's the standard of review when the BIA is reviewing a denial, an initial denial? It's de novo. It is de novo. It's a de novo review. They take the whole file, and they look at it, and they come up with their own decision. Has it been – you said it's been pending for a year and a half over there. We filed it in April of – I said April 2014. Has it been briefed and submitted and all that? Yes. But we just actually got a notice on it. What? We just recently got a notice on it about the briefing schedule, and we've submitted briefs. Briefs are – all the briefing's been done? The briefing has been submitted. The waiting decision? Correct. On the merit? And that may be another year. I don't know. I'm sorry. Do you know that it will be another year? I don't know, but I'm just – it wouldn't surprise me. It's certainly possible that we send this back, and then before anything happens, the appeal has already then been denied. That's true, but it could have been granted as well. If it's been granted, it's of no use because then he has to leave the United States, and he's barred from returning for 10 years. And he's been here for 27 years and has two U.S. citizen children and a U.S. citizen wife. When it's ruled on, does that move this appeal? If it's ruled on why this appeal's pending? It may. It may. But I think the issue is really an issue of law here. I think this Court needs to make clear to the BIA – If this changes, you all have the obligation to keep the Court advised. That's what I'm getting at. We do. Okay. Both lawyers have the obligation to do that. Yes. All right. Thank you very much. Thank you. You saved some time. Yes. Ms. Jarwan? Good morning. May it please the Court, my name is Raya Jarwan, and I represent the respondent, Loretta E. Lynch, United States Attorney General, in this matter. Your Honors, in this case, the Board properly upheld the immigration judge's denial of Mr. Agnasso's six continuance requests and his immigration proceedings. Because the immigration judge in this case did not abuse his discretion. In this Court's holding in Lendo v. Gonzalez, the immigration judge's denial of a continuance must be upheld unless it was either made without rational explanation, inexplicably departed from established policies, or rested on an impermissible basis. And the immigration judge's decision in this matter did none of those things. In Mr. Agnasso's case, there was a rational explanation. The immigration judge did exercise his discretion by continuing the case numerous times from September 2011 until May of 2013 in order for the I-130 to be adjudicated. That was the same judge who ultimately denied it? I'm not exactly sure if it's the same judge, but I believe he had multiple hearings with this individual, with Mr. Agnasso. And he waited for that visa petition to be adjudicated, at which point it was no longer prima facie approvable, and the likelihood of an adjustment of status was much lower. At that point, and under the regulations, the immigration judge may grant a continuance. I'm sorry, can I just ask you a quick question about just how much lower the chances get? I mean, if review is de novo, if a new fact finder is going to sort of make its own factual conclusions, why do the chances get so much lower? Well, USCIS does an initial notice of intent to deny, and then provides Mr. Agnasso's wife 30 days to present additional evidence. So she presented evidence with the initial I-130 and additional evidence after the notice of intent to deny. And after reviewing all of that, USCIS still determined that this marriage was not entered into in good faith. It was not a bona fide marriage. The BIA doesn't defer to that at all? That's correct. Well, the BIA has its own separate review process, and currently the appeal is pending before the board. But there's a reason that the proceedings are separate. The removal proceeding has one standard, and the I-130 proceeding has a different standard. Do you know, it's not a fair question, but do you happen to have a ballpark percentage figure for how often the BIA does grant relief or does reverse these on appeal? I don't. I don't know the exact percentage. I do know that in this case, you know, there is a backlog of cases. That's why it does take a particular amount of time. There's no definite time frame in which to do that. Do you agree that it's a de novo review? I'm actually unsure of the standard. You are? I am unsure. Not because I looked it up, but I actually did not look it up, so I apologize. I can 28-J that issue. But I do believe – He says it's a de novo review. I will defer to co-counsel on that. If it's a de novo review, there's no deference given to whatever happened before. It is a full review of all the evidence. But based on the record in which the I-130 final denial is laid out very clearly, all the different issues with this marriage, there were a number of issues. There was discrepant addresses. It was unclear if they lived in the same address at the same time. There were issues regarding whether or not they were in a relationship after 2011. There were no photos of them together. What about this statement that the judge made that he just didn't grant these things? Well, I think the judge, again, has – Well, he did exercise discretion in granting those continuances, which he did not have to do, but he wanted – an immigration judge needs good cause, may grant a continuance for good cause. And once that denial comes into play, the whole calculus changes, and he no longer is required to grant a continuance at that point. There's no authority or – He's not required to grant it, but he has the discretion to grant it. He does, but he – And he has to exercise discretion. Correct, correct. And he says, I don't grant discontinuances. It's not an exercise of discretion. I think what he says is I don't – It's a hard and fast rule. Well, I think – It's a hard and fast rule. Before this – The judge has discretion in a criminal case to grant bonds sometimes. And they say, I never grant bonds. That would not be an exercise of discretion, would it? But I believe that this court needs to decide if it was an abuse of discretion, which it was not. But to abuse your discretion, you've got to exercise your discretion. Which he did. If you apply a hard and fast rule, that's not discretion. That's a rule. I think, Your Honor, that the immigration judge at that point had determined that he did not want to grant – Is it true that the government didn't oppose this thing? The government said nothing in response, based on my reading. That means they didn't oppose it. Then they come up here and oppose it. Well, we're not opposing – What we're arguing, Your Honor, is that it was an abuse of discretion. Whether or not – Whatever happens with the appeal process, that could make the issue of the continuance move. We don't know at this point. But at this point, our main focus is whether the immigration judge, with the record he had before him, whether that was an abuse of discretion. And it was not. He gave reasoning for his decision. It was not an arbitrary decision. He said, I don't give time to appeal CIS denials. Full stop. And there was no other evidence that could help him make – say that, had he gone on to say, but you know what? I've looked at the whole appeal file, and I don't really see anything here. I think there is virtually no chance he's going to prevail on appeal. Even though DHS isn't opposing it, I just really don't see that this guy deserves a continuance. That would be a really different case. But in his decision, he states, in sum, on page 67 of the record, absent evidence of a prima facie approvable visa petition, court finds no good cause to grant the continuance. But he's based that entirely on the denial by CIS. That's entirely clear from the context. Because CIS denied it, there is no longer a prima facie approvable. He didn't look at it to make some independent determination about whether it was approvable. But he actually gave another continuance after the April 2013 court hearing. There was another continuance until May, where the final decision was made. But in the April proceeding, he even gave a heads-up of some sorts to counsel, saying, I'm probably not going to give you more time. And I can give you the exact quote, Your Honor. But he indicated to counsel that he would not be providing more time for the appeal. He said, you're going to get a denial on your request for a continuance. I don't give time to appeal CIS denials. How is that helpful to you? Counsel did not provide any evidence to rebut the prima facie visa petition. It was no longer prima facie approvable at that point. And the immigration judge has the broad discretion to determine that he does not need to continue the case at that point. The Pedrero's case is very similar to this case, Your Honor. It's a Second Circuit case in which the individual was married to a United States citizen during deportation proceedings. And the USCIS denial was based on insufficient evidence of a bona fide marriage. And the board held, as this board held as well, that given the evidence and given the I-130 denial, the prima facie case was rebutted. And thus, there was no basis to conclude that the decision would likely be overturned. In that case, I thought the Second Circuit relied expressly on the fact that the BIA, in reviewing the denial of the continuance, said we have made an independent assessment of the appellate record and we see no meaningful basis for this appeal. That seems like that's what's missing in this case, someone other than us making a judgment as to whether this appeal has any merit. Well, the board did say, given the evidence before the immigration judge, we affirm the immigration judge's discretionary determination, and then cited the fact in footnote one of the board decision that there was evidence submitted, that Mr. Agnassu called it voluminous evidence, but that it didn't meet the standard of clear and convincing evidence. It didn't say it doesn't meet the standard. It said voluminous is not the same as clear and convincing. But you think we should read that as the BIA having said, and we've looked at the voluminous evidence, and we don't see that it meets the clear and convincing standard, so he's going to lose on appeal. The board is definitely taking into consideration the evidence that was provided to the USCIS, in addition to the fact that there was no other evidence that rebutted the denial of the I-130 or put into doubt USCIS's error, alleged error at that point. So the board is saying, essentially, that the record that was before the immigration judge, based on that record and based on the fact that there was no other evidence, that that voluminous evidence did not equate to clear and convincing, that there was no abuse of discretion by the immigration judge. Now, the Hashmi factors don't necessarily apply in this case, because Hashmi is a case in which the I-130 was still pending. In this case, however, the I-130 had actually been adjudicated. The immigration judge waited until it was adjudicated before making his determination to deny another continuance. So the Hashmi factors, this immigration judge did not need to look at all five Hashmi factors, but he did, in fact, look at an important one, whether the visa petition was prima facie approvable, because the whole purpose of Hashmi is, what is the likelihood that this individual is actually going to get adjustment of status? You need that I-130 in order to get adjustment of status. So if USCIS has taken a look at two sets of evidence, two submissions of documents, and has determined that there is no prima facie, there's no bona fide marriages, no prima facie approvable visa petition, at that point, the calculus has changed, and the immigration judge no longer has to rely on Hashmi. The immigration judge simply needs to see, is there good cause to continue this case? And once the I-130 is denied, there is no good cause at that point. So I think that the immigration judge was well within his broad discretion under the regulations. Counsel, can I, just so I am clear on your position, so it seems, is your position that once the CIS does this initial denial, like that by itself, there's no need to look to Hashmi, at that point you can deny, that can be, there's nothing wrong with having a bright line rule, that once CIS denies, that's it, you don't get a stay, or is your position, well, no, you still have to take a look and see whether there's a likelihood of prevailing on appeal, but that's what happened here. I would say that it wouldn't, I would say it's not an abuse of the immigration judge's discretion to decide that based on that I-130, and based on the fact that there was nothing else in the record to provide him good cause, which is what's needed under the regulation, then it's not an abuse of the immigration judge's discretion to deny that continuance. I did find some BIA cases that do apply Hashmi, you know, even after the initial CIS denial, but they're just single-judge opinions, and you think those are incorrect, they shouldn't be applying Hashmi. I'm not aware of those opinions. I would have to review, I guess, since they're single-line opinions. But your position would be that's wrong, and Hashmi just doesn't apply. I would say that Hashmi can provide guidance, but it does not restrict the immigration judge to the point where his decision was an abuse of discretion. The failure to apply the Hashmi factors is not an abuse of discretion? Correct. The immigration judge also did not abuse his discretion because he didn't depart from any established policies. I believe in the brief we discussed, in the government brief discussed the Hashmi as well as Garcia, that generally there's a presumption that the discretion should be exercised in Mr. Añez's favor if there's a pending visa petition. However, as I stated earlier, that was no longer the case by the time the immigration judge made his final denial. In addition to, just in response to counsel's point regarding whether or not the issue of his client's future stay of removal, what would happen if there was a stay of removal, his client was given voluntary departure, which he did not take. And in regards to the 10-year bar, yes, now he is facing a bar to reentry, which may or may not have been the case had he taken that voluntary departure and awaited the outcome of the I-130 appeal. So it's almost a situation of his own making at that point in not taking the voluntary departure. Again, the board in this case agreed with the immigration judge and agreed that the immigration judge did not rest his decision on any impermissible basis. He did not arbitrarily discriminate against Mr. Añez. He did not indicate any case law that was contrary to the case law that we've presented in our brief. He simply considered the procedural posture of the visa petition. He considered the length of the continuances. And he considered the fact that Mr. Añez did not present any meritorious grounds for appeal or any likelihood that there would be an appeal overturned or that the I-130 denial would be overturned. Did the IJ consider that? The immigration judge considered the fact that there was an absence of evidence, and that's the record site that I refer to in his decision on page 67 of the record, that in some absent evidence of a prima facie approval visa petition, the court finds no good cause. He wasn't talking about the appeal, right? I mean, I really do think, and I think that what I understand the IJ's point, but I understand it to be once there's been a denial by CIS per se, there is no longer, he didn't look and see, but is there a chance that this will prevail on appeal? Did he, or can you point me to something where he talked about the likelihood on appeal? I may be missing it. Sort of the viability of the appeal. That's sort of what I thought he didn't do, but I could have missed it. It doesn't matter. I'm sorry. I'll read it again. I mean, Your Honor, I think the page- He says, I don't have to make a viability determination. I don't have to do that. He says, I don't give time to appeal CIS denials. Under a matter of hash may I don't have to, there's no prima facie eligibility, so if you decide you want to appeal my denial of the continuance, he has to be prepared to take post-conclusion voluntary departure. Those were his exact words on April 25th. Then he continued it to May- He also said on April 25th he was going to pull the facts together, and you're going to get a denial of the request for continuance, just like the previous case that was just in here. I don't grant these things. But, again, Your Honor- I don't give time to appeal. And then he came back after he put it off for two weeks on May 9th, and he did exactly what he said he was going to do. He denied it. But, Your Honor, even hash may does not require- That's the question, is whether that's an exercise of discretion, or whether that's just the application of a black-letter rule that no continuances. Your Honor, I think the question- I think the question is, was that an abuse of discretion? The judge is able to exercise- It's no discretion. His position, I think, has to be there's no discretion exercise. He applied a rule. There are no continuances, period. You'll come back in two weeks, and you're going to get a denial on your request for continuance. And then he said, I don't give time to appeal denial. But, Your Honor, even if-and I'm not conceding this- even if Your Honor determines that that is a bright-line rule, that is not an abuse of the immigration judge's discretion at that point. Application of a bright-line rule is not an abuse of discretion. Now you're down to the point. Well, Lendo V. Gonzalez does not say that- We know what the government's position is. If you apply a bright-line rule, you're not abusing discretion. I said, Your Honor, I'm not conceding it. I'm saying if Your Honor is making your determination just based on that, it is still not an abuse of discretion. Even Hashmi states that these five factors are illustrative, not exhaustive. So if you want to apply Hashmi to this case, those are not the exhaustive factors. In addition, Hashmi says the immigration judge is not required to grant a continuance in every single case where there's a pending visa petition. So even if you have a pending visa petition, it's not required. Now you have one that's been denied after a multitude of evidence that's been presented to USCIS. So at that point, really, there is no good cause to continue the case. The immigration judge has gotten a final answer from USCIS, and under the regulation- But what do you say to your counterpart's argument that it's not a final answer, that the letter itself says this doesn't become final unless you fail to appeal? Actually, well, the notice, there's an initial notice of intent to deny. Then there's a final notice denying it. And then, yes, there is an appeal process. However, Mr. Agnoso has the ability to- And the appeal stays the mandate, so to speak. If what he says is right, according to the letter, it's not final until the appeal is exhausted. And the appeal has been pending for a year and a half. Well, the appeal is pending because there is, for non-detained cases, there is a backlog. However, he has the opportunity to request a stay of removal. And during that stay of removal, this petition could be adjudicated, the appeal could be adjudicated, in which case, if it does go in his favor, he has the opportunity to request a motion to reopen before the board. There's new evidence at that point. But we are not at that point. And according to-based on my understanding of my client agency, USCIS, they have requested an expedited adjudication of this case. But, yes, it has been sitting for quite a while just simply due to a backlog. But I don't-again, that's a separate issue from what was before. What about the BIA? The backlog to the BIA? The backlog is in the entire process. It goes from- In the entire process. Right. It goes from the appeal to the local USCIS office and then is passed on to the board. But, again, the immigration judge had his record before. Is that because they're short-staffed or they can't get their work done? It's possible. It's possible. I can't speak for USCIS in that regard. But you're a client. It's true, but I'm not privy to their budget. You're the attorney general as far as we're concerned. That's true. I do represent the attorney general. But, again, the immigration judge has his own record before him. And he's sitting in court with that record, with a final denial, with nothing else to provide him good cause. And that is separate from the I-130 appeal. That's why they are separate processes. The immigration judge does not have jurisdiction over that. So the question still becomes did he abuse his discretion in giving 18 months for the I-130 to be adjudicated and then determining that at that point there was no likelihood of adjustment of status. There was no likelihood he would get relief from removal at that point. And the immigration judge is focusing on removal at that point. He's not focusing on the speculative possibilities of what may happen with the board. And I think there is actually a case that we cited in that regard. The Thim Rahn case indicates that the question is not whether continuance might hypothetically benefit Mr. Thim Rahn, but whether the immigration judge's decision not to grant it amounted to abuse of discretion. And Mr. Thim Rahn had not provided the court any authority for the argument that the board has a duty to determine the status of the I-130 appeal. They are essentially separate proceedings. And I know that in Mr. Fogle's brief, he references the Ahmed case in the Ninth Circuit. But that is a completely separate case from this case. And I think we discussed that in the government's brief as well. In that case, it's an I-140, which is an employment-based visa, a completely different standard than the clear and convincing standard. And I see my time is almost up. The red light is on. The red light is on. Yes. If you have no further questions, I do rest on the brief. Thank you very much. Thank you. Just a few brief points I'd like to reiterate. Firstly, there's still a pending visa petition. There's no question about that. It's pending. It's not final because it's still pending with the BIA. And I'm sorry. It was actually April 2013 when we filed this. So it's been pending for two and a half years. The I-130 itself took 19 months to adjudicate. But that's the first thing. And nowhere in Hashemi at all does it say that there's no prima facie case if the I-130 is appealed. This is what Hashemi states when considering whether there's a prima facie case. It states, if other visa petitions have been filed on the respondent's behalf and have been denied, these petitions and the USCIS determinations could also be presented and considered. These prior filings or other evidence of potential fraud or deletery tactics may impact on the viability of the visa petition and the underlying motion. And then it cites Pedreros where there appeared to be some fraud or some questions where the parties were separated and asked different questions. And they asked quite the same questions and gave different answers. But that's not the case here. The whole point is there's still a pending visa petition. And as the court has noted already, this judge just made a bright line rule. No consideration of anything else other than the fact that the district director has denied the petition. Now, if there had been no appeal and it had been a final decision, I think he has a point there. But when there has been an appeal and there's still a pending petition, he should have honored that or at least gone into some more analysis and showed that he'd actually meaningfully considered it. And the BIA didn't meaningfully consider any facts at all other than he just simply denied it on the basis that the USCIS district director denied it and that's it. And they just upheld that. There's no actual analysis or consideration of any of the other factors, which they themselves said should be considered in their own case, which is Hashemi. Just to point out in just a couple of statements about the government's cases, the Progeros case, it was before Hashemi, number one. And it's distinguishable because there was some evidence of fraud in that particular case. I mean, they actually did consider that. These were things in the evidence that were considered. In the Timran case, there have been multiple I-130s that have already been denied. And this was a refiled I-130 that was now on appeal, the second or third I-130 that was on appeal. And I would disagree with the government regarding the Ahmed case because the Ahmed case makes a very good point. When an immigration judge denies a continuance on the basis of an appeal of a pending petition because there's no final decision, then it's an abuse of discretion. And that's exactly what happened here, Your Honor. And we would ask that the court remand this case back to the board and the immigration judge with instructions to follow the Hashemi case and properly consider our request for a continuance. Thank you. Thank you, Mr. Bogle. We'll come down and recap.
judges: Robert B. King, Pamela A. Harris, George Jarrod Hazel